### R. M. PARKS & Co. *v.* H. S. SHANNON & Co.

**Admissibility of Evidence.**

Where one member of a partnership contracted with the defendant and other employes of the firm for board, the board to be paid out of merchandise purchased from the partnership's store, it is error for the court to exclude such evidence from the jury. While one member of a firm cannot contract to pay his individual debts out of partnership property, the jury might imply the authority and particularly in reference to the board of the employes of the firm.

**Bill of Exceptions.**

Where a bill of exceptions is presented to the court in time and offered for filing, but not filed because the judge took time to consider it, such bill is a part of the record.

APPEAL FROM NICHOLAS CIRCUIT COURT.

February 3, 1880.

OPINION BY JUDGE PRYOR:

The court below erred in excluding from the jury the testimony of the witness tending to show that one of the plaintiffs contracted with the defendants for his board and that of the employes of the firm to be paid out of tin wares or merchandise purchased by the defendants from the firm of Shannon & Co. It is shown in evidence that one of the plaintiffs constituting the firm resided in Cynthiana and the other in the town of Carlisle and that the partner in Carlisle was the managing partner and transacted the entire business, or nearly so, of the firm. While one partner cannot contract to pay

his individual debts out of the partnership property we think the facts in this case might have authorized the jury to imply the authority, and particularly in reference to the board of the employes of the firm. In fact we do not see why one partner may not bind the firm to pay for the board of those who are transacting their business, and whose services are necessary to its successful prosecution.

The fact that similar contracts had been made with others is, however, incompetent, and was properly excluded. The bill of evidence is properly in the record. At the September term of the court there was given the appellant until the third day of the next term to file its bill of exceptions. At the next term the order recites that: "The bill of exceptions tendered and prayed to be made a part of the record by the defendant on a previous day of the term, viz.: the second day of the term, which was held up for consideration by the court, is now signed." The appellant had the right to tender his bill prior to the third day of the term, and having tendered it on the second day and prayed to have it made part of the record, nothing more was required of him. The court took it for consideration, and there was no mode of compelling the judge to have the bill filed or made part of the record. Further time was not given the defendant to file his exceptions, but he seems to have been ready, and offered to file on the second day, when they were taken by the court for consideration. It seems to us that the record of that term of the court showing the offer to file was made and the bill actually tendered at a proper time, is all that should be required and is a compliance with the Code. We will not discuss the pleadings further than to say that it is a matter of great doubt whether there is a specific traverse of any allegation made in defendant's answer. As the case must go back either party may amend.

Judgment *reversed* and cause remanded for further proceedings.

*Ross & Kennedy, for appellant.   C. W. West, for appellee.*